**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ted King,                              )<br>                                             )<br>            Plaintiff,              )<br>                                             )<br>vs.                                      )<br>                                             )<br>LVN Motors, Inc.; Van Tuyl Group, Inc.,)<br>                                             )<br>            Defendants.          )<br>                                             )<br>_____) | No. CV 11-733-PHX-JAT<br><br>**ORDER** |

On May 4, 2011, the Court issued the following order:

> Pending before the Court is Plaintiff's application to proceed in forma pauperis. However, before the Court considers that motion, the Court will consider whether it has jurisdiction over this case. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).
>
> Federal courts are courts of limited jurisdiction; thus, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.*
>
> In this case, Plaintiff states that jurisdiction is based on the Federal Arbitration Act (9 U.S.C. § 2) ("FAA"). Doc. 1 at 2. However, the FAA does not create a basis for Federal subject matter jurisdiction by itself, or as a Federal question. *See Carter v. Health Net of Calif., Inc.*, 374 F.3d 830, 834 (9th Cir. 2004) ("It is well-established that even when a petition is brought under the Federal Arbitration Act (FAA), a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction. *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9 (1984) (noting that 'while the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction.')").
>
> Because the FAA cannot be the basis for jurisdiction in this case,
> IT IS ORDERED that by May 25, 2011, Plaintiff shall file an amended

1 complaint alleging a basis for federal subject matter jurisdiction, or this case will be dismissed, without prejudice.

Doc. 10.

On May 9, 2011, and on May 10, 2011, Plaintiff filed an amended complaint. Plaintiff fails to state any particular basis for federal subject matter jurisdiction. However, Plaintiff again states that he is being compelled to arbitrate in accordance with the Federal Arbitration Act. Doc. 12 at 2. As indicated in the previous order, the Federal Arbitration Act does not provide a basis for federal subject matter jurisdiction.

Plaintiff goes on to allege that he and both Defendants are citizens of Arizona and that the amount in controversy is approximately $31,000. Thus, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332.

Based on the foregoing, the Court finds that Plaintiff has failed to plead federal subject matter jurisdiction. Therefore,

IT IS ORDERED that this case is dismissed, without prejudice, for lack of federal subject matter jurisdiction.

DATED this 16th day of May, 2011.

James A. Teilborg
United States District Judge